IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| GOLD CONSTRUCTION GROUP, INC.; | ) |
| WILLIAM GOLD; and MATTHEW | ) |
| BROSMORE, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its attorneys, Dana A. Rice and Jason M. Taylor of Traub Lieberman Straus & Shrewsberry LLP, and for its Complaint for Declaratory Judgment against Defendants Gold Construction Group, Inc. ("Gold Construction"), William Gold, and Matthew Brosmore, it states as follows:

## THE PARTIES

1. Nautilus is, and at all relevant times has been, a corporation organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona. At all times relevant hereto, Nautilus was an insurer who sold insurance policies in Illinois.

2. Gold Construction is, and at all relevant times has been a corporation organized under the laws of Illinois with its principal place of business in Highland Park, Illinois.

3. At all relevant times hereto, William Gold was a citizen of Cook County, Illinois.

4. At all relevant times hereto, Matthew Brosmore was a citizen of Cook County, Illinois.

1

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the citizenship of the parties is diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, the case relates to an insurance policy providing in excess of $75,000 in coverage, and the underlying lawsuit seeks damages in excess of $75,000.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to this litigation occurred in this judicial district, and because at least one of the defendants is a resident of this judicial district and all defendants are residents of the State of Illinois. The underlying lawsuit giving rise to this coverage action is currently pending in a state court in this judicial district.

## THE UNDERLYING LAWSUIT

7. On July 22, 2021, Matthew Brosmore filed a Complaint styled *Matthew Brosmore v Goose Lake Construction Inc*. et al, cause number 2021 L 007437, in the Circuit Court of Cook County, Illinois, against Gold Construction and William Gold, among others (the "*Brosmore* lawsuit"). (A true and correct copy of the *Brosmore* lawsuit is attached hereto as **Exhibit A**.)

8. The *Brosmore* lawsuit alleges that on or about July 24, 2019, William Gold was engaged in the construction of a remodeling and renovation project, including remodeling and renovation to the outside of the property on premises located at 60 Brentwood Drive, Village of Glencoe, Cook County, Illinois (the "Project"). (*See* Ex. A., Counts VII-VII, ¶2.)

9. On said date, Gold Construction was engaged as the general contractor and/or prime contractor and/or contractor of the construction Project. (*See* Ex. A., Counts XV-XVI, ¶2.)

10. The *Brosmore* lawsuit alleges that the underlying defendants, including Gold Construction and William Gold, contracted with certain subcontractors to perform work on the Project and that each defendant was in possession and control of the Project premises. (*See* Ex. A., Counts VII-VII, ¶3, and XV-XVI, ¶¶3-4.)

11. The *Brosmore* lawsuit alleges that on July 24, 2019, Mr. Brosmore was lawfully on said premises in the course of his employment when he was injured while working in and entering a trench/work zone, causing him to suffer severe and permanent injuries. (*See* Ex. A., Counts VII-VII, and XV-XVI, ¶¶4, 5, 9-11.)

12. As respects Gold Construction and William Gold, the *Brosmores* lawsuit alleges two causes of action against each party, respectively, asserting that they were negligent and careless in failing to provide Mr. Brosmore with a safe place to work, supervise their employees, maintain proper safety measures or take necessary precautions for the safety of others, allowing a trench to be constructed and maintained in a defective manner, failing to secure and stabilize the trench allowing it to buckle, and build a trench without proper supports or safe access/egress, among other acts. (*See* Ex. A., Counts VII-VII, and XV-XVI, ¶¶10-12.)

## THE NAUTILUS POLICY

13. Nautilus issued a commercial lines policy, policy number NC377900, to Gold Construction Group, Inc., providing commercial general liability coverage for the policy period of April 28, 2019, to April 28, 2020 (the "Nautilus Policy"). The Nautilus Policy includes limits of $1,000,000 per occurrence with a $2,000,000 general aggregate, subject to a $500 per claim deductible. (A true and correct copy of the Nautilus Policy is attached hereto as **Exhibit B**.)

14. The Insuring Agreement of the Nautilus Policy, Form CG 00 01 (04 13), "Commercial General Liability Coverage Form," under "Coverage A. Bodily Injury and Property Damage Liability," provides in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.** **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. […]

* * *

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period; […]

* * *

15. The definitions, relevant to this Insuring Agreement and the exclusions and endorsements discussed below is set forth in SECTION V -DEFINITIONS, as follows:

**SECTION V - DEFINITIONS**

    **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    **5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

                                   * * *

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

16. The Insuring Agreement of Coverage A provides coverage for sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" sustained by another during the policy period and resulting from an "occurrence".

17. The *Brosmore* lawsuit does not allege "property damage" as defined by the Nautilus Policy.

18. The *Brosmore* lawsuit does not allege a "personal and advertising injury" offense as defined in the Nautilus Policy, and therefore, COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY is not applicable to this claim.

5

## COUNT I – DECLARATORY JUDGMENT

## THE "INJURY TO WORKERS" EXCLUSION
## BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *BROSMORE* LAWSUIT

19. Nautilus adopts and realleges the allegations in paragraphs 1 through 18 of its Complaint for Declaratory Judgment as paragraph 19 of Count I of its Complaint for Declaratory Judgment as if fully set forth herein.

20. The Nautilus Policy incorporates Form Endorsement L205 (11/10), "Injury to Employees, Contractors, Volunteers And Other Workers", which states:

**EXCLUSION - INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Exclusion **e. Employer's Liability** of **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** is **replaced** by the following:

This insurance does not apply to:

**e.     Injury to Employees, Contractors, Volunteers and Other Workers**

"Bodily injury" to:

(1) "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

(2) Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors arising out of and in the course of:

    (a) Employment by any insured; or
    (b) Directly or indirectly performing duties related to the conduct of any insured's business; or

(3) The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee",

        casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph (1) or (2) above.

This exclusion applies:

(1)      Regardless of where the:

      (a)      Services are performed; or
      (b)      "Bodily injury" occurs; and

(2)      Whether any insured may be liable as an employer or in any other capacity; and

(3)      To any obligation to share damages with or repay someone else who must pay damages because of the injury.

* * *

(Ex. B.) (Hereinafter, the "Injury to Workers Exclusion").

21.      The *Brosmore* lawsuit alleges that Mr. Brosmore was lawfully at the premises in the course of his employment.

22.      Upon information and belief, Mr. Brosmore was an employee of underlying defendant Goose Lake Construction Inc. and/or Dragan Joranovic, who was (or were) a subcontractor for Gold Construction on the Project.

23.      Mr. Brosmore was injured while performing duties directly or indirectly related to the conduct of Gold Construction's business and work at the Project.

24.      Accordingly, the Injury to Workers Exclusion bars coverage for the claims asserted in the *Brosmore* lawsuit.

25.      Nautilus has and had no duty to defend or indemnify Gold Construction and/or William Gold for the claims asserted against them in the *Brosmore* lawsuit.

26.      An actual controversy exists between Nautilus and Defendants, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays this Honorable Court:

    a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

    b. Find and declare that the "Injury to Workers Exclusion" bars coverage for the claims asserted in the *Brosmore* lawsuit;

    c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend Gold Construction and/or William Gold in the *Brosmore* lawsuit or to indemnify Gold Construction or William Gold for any judgment or settlement entered in the *Brosmore* Lawsuit; and

    d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II – DECLARARATORY JUDGMENT

### THE "CONTRACTORS AND SUBCONTRACTORS EXCLUSION" BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *BROSMORE* LAWSUIT

27. Nautilus adopts and realleges the allegations in paragraphs 1 through 26 of its Complaint for Declaratory Judgment as paragraph 27 of Count II of its Complaint for Declaratory Judgment as if fully set forth herein.

28. The Nautilus Policy also includes endorsement L282 (07/10), "Exclusion – Contractors And Subcontractors" which provides as follows:

**EXCLUSION - CONTRACTORS AND SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is **added** to **2. Exclusions** of **Section I - Coverage A – Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability** and **Coverage C – Medical Payments:**

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

All other terms and conditions of this policy remain unchanged.

(Ex. B.) (hereinafter, the "Contractors and Subcontractors Exclusion").

29. The *Brosmore* lawsuit alleges that Mr. Brosmore was lawfully at the premises in the course of his employment.

30. Upon information and belief, Mr. Brosmore was an employee or contractor of underlying co-defendant(s) Goose Lake Construction Inc. and/or Dragan Joranovic, who was (or were) a subcontractor for Gold Construction on the Project, and was injured while performing duties related to the conduct of Gold Construction's business and work at the Project.

31. The Contractors and Subcontractors Exclusion precludes coverage for "bodily injury" arising out of work performed by any contractor or subcontractor whether hired by or on behalf of Gold Construction or any insured, or any acts or omissions in connection with the general supervision of such work.

32. Accordingly, the "Contractors and Subcontractors Exclusion" bars coverage for the claims asserted in the *Brosmore* lawsuit.

33. Nautilus has and had no duty to defend or indemnify Gold Construction or William Gold for the claims asserted against them in the *Brosmore* lawsuit.

34. An actual controversy exists between Nautilus and Defendants, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays this Honorable Court:

    a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

    b. Find and declare that the "Contractors and Subcontractors Exclusion" bars coverage for the claims asserted in the *Brosmore* lawsuit;

    c.    Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend Gold Construction and/or William Gold in the *Brosmore* Lawsuit, or to indemnify Gold Construction and/or William Gold for any judgment or settlement entered in the *Brosmore* lawsuit; and

    d.    Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT III – DECLARATORY JUDGMENT

### THE "SUBSIDENCE EXCLUSION" BARS COVERAGE FOR THE CLAIMS ASSERTED IN THE *BROSMORE* LAWSUIT

35.    Nautilus adopts and realleges the allegations in paragraphs 1 through 34 of its Complaint for Declaratory Judgment as paragraph 35 of Count III of its Complaint for Declaratory Judgment as if fully set forth herein.

36.    The Nautilus Policy also includes form endorsement L236 (06/07), "Total Exclusion - Subsidence Or Movement Of Soil, Land, Bedrock Or Earth", which provides:

**TOTAL EXCLUSION - SUBSIDENCE OR MOVEMENT OF SOIL, LAND, BEDROCK OR EARTH**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**    The following exclusion is **added** to Paragraph **2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability** and **Coverage C - Medical Payments:**

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments directly or indirectly arising out of, resulting from, contributed to, aggravated or concurrently caused by "subsidence or movement of soil, land, bedrock or earth", whether natural, manmade or otherwise.

We have no duty to defend any insured against any loss, claim, "suit", or other proceeding alleging damages arising out of or related to "bodily injury", "property damage", "personal and advertising injury" or medical payments to which this exclusion applies.

10

> **B.** For the purpose of this endorsement, the following is **added** to the **Definitions** section:
>
> "Subsidence or movement of soil, land, bedrock or earth" includes, but is not limited to settling, bulging, shaking, sinking, slipping, shifting, eroding, rising, tilting, expanding, contracting, shrinking, instability, falling away, caving in, landslide, mudflow, flood, sinkhole, earthquake, volcano, or avalanche.
>
> All other terms and conditions of this policy remain unchanged.

(Ex. B.) (hereinafter, the "Subsidence Exclusion").

37. The *Brosmore* lawsuit alleges that Mr. Brosmore was injured while working in and entering the trench/work zone, and that Gold Construction and/or William Gold were negligent in failing to secure and stabilize the trench allowing it to buckle.

38. Mr. Brosmore's injuries were allegedly caused when an earthen/dirt trench collapsed or caved in while Mr. Brosmore was inside the trench.

39. The Subsidence Exclusion excludes coverage for "bodily injury" arising out of, resulting from, contributed to, aggravated or concurrently caused by the movement or subsidence of soil or earth, whether natural, manmade or otherwise, including the settling, bulging, sinking, slipping, shifting, titling, expanding, contracting, shrinking, instability, falling away, or caving in of soil, land, or earth.

40. Accordingly, the "Subsidence Exclusion" bars coverage for the claims asserted in the *Brosmore* lawsuit.

41. Nautilus has and had no duty to defend or indemnify Gold Construction or William Gold for the claims asserted against them in the *Brosmore* lawsuit.

42. An actual controversy exists between Nautilus and Defendants, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays this Honorable Court:

    a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

    b. Find and declare that the "Subsidence Exclusion" bars coverage for the claims asserted in the *Brosmore* lawsuit;

    c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend Gold Construction and/or William Gold in the *Brosmore* Lawsuit, or to indemnify Gold Construction and/or William Gold for any judgment or settlement entered in the *Brosmore* lawsuit; and

    d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT IV – DECLARATORY JUDGMENT

## WILLIAM GOLD IS NOT AN INSURED UNDER THE NAUTILUS POLICY

43. Nautilus adopts and realleges the allegations in paragraphs 1 through 42 of its Complaint for Declaratory Judgment as paragraph 43 of Count IV of its Complaint for Declaratory Judgment as if fully set forth herein.

44. Gold Construction is the only Named Insured identified in the Declarations of the Nautilus Policy.

45. William Gold is not specifically identified as a Named Insured, Insured, "additional insured," or on any other basis in the Nautilus Policy.

46. The Nautilus Policy incorporates the following "Who Is An Insured" provision:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

    \* \* \*

    d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your

officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\* \* \*

(Ex. B.)

47. Similarly, Gold Construction's "employees" or "volunteer workers" as also insureds, but only for acts within the scope of their employment by Gold Construction or while performing duties related to the conduct of Gold Construction's business. (Ex. B.)

48. Accordingly, William Gold may qualify as an insured, but only with respect to his duties as Gold Construction's officer or director, or for acts within the scope of his employment for Gold Construction or while performing duties related to the conduct of Gold Construction's business.

49. William Gold does not qualify as an insured for any liability assessed in his individual capacity as the owner of the property where the Project occurred, or in his capacity as a possessor of land.

50. An actual controversy exists between Nautilus and Defendants, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that William Gold qualifies as an insured, but only with respect to his duties as Gold Construction's officer or director, or for acts within the scope of his employment for Gold Construction or while performing duties related to the conduct of Gold Construction's business;

    c.    Find and declare that William Gold does not qualify as an insured for any liability assessed in his individual capacity as a property owner or possessor of land;

    d.    To the extent William Gold is found liable in his individual capacity as a property owner or possessor of land, Nautilus has and had no duty under the Nautilus Policy to defend him in the *Brosemore* lawsuit or to indemnify him for any judgment or settlement entered in the *Brosmore* lawsuit; and

    e.    Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

Dated this 15th day of February, 2024.

Respectfully submitted,

**/s/** *Jason M. Taylor*

Dana A. Rice
Jason M. Taylor
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
71 S. Wacker Drive
Suite 2101
Chicago, IL 60606
P: 312-332-3900
F: 312-332-3908
drice@tlsslaw.com
jtaylor@tlsslaw.com