IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, <br><br>    Plaintiff, <br><br>v. <br><br>GOLD CONSTRUCTION GROUP, INC.; WILLIAM GOLD; and MATTHEW BROSMORE, <br><br>    Defendants. | Case No. 24 cv 1288 <br><br>Honorable Sara L. Ellis. <br><br>Magistrate Judge Honorable Heather K. McShain |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT ORDER

NOW COMES Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its undersigned counsel of record, and moves this Honorable Court for Entry of Default Judgment Order pursuant to the Court's July 19, 2024, Minute Entry granting Plaintiff's Motion for Default Judgment as to Defendants Gold Construction Group, Inc. ("Gold Construction") and William Gold. In support of this Motion, Nautilus states as follows:

1. On June 4, 2024, after conducting a hearing on Nautilus' Motion for Entry of Default, the Court granted Nautilus' Motion and entered a default against Defendants William Gold and Gold Construction. Doc. #18.

2. On June 25, 2024, the Court entered a Minute Order directing Nautilus to file its Motion for Default Judgment against William Gold and Gold Construction and set the motion for determination on July 18, 2024. Doc. #20.

3. Nautilus' Motion for Default Judgment was filed with the Court on July 12, 2024. Doc. #22.

1

4. Co-defendant and the underlying claimant, Matthew Brosmore, did not answer the Complaint, agreed and stipulated to be bound by any judgment rendered in this action ("Stipulation"), and elected not to participate in the defense or litigation of this declaratory judgment matter. Doc. #21.

5. On July 18, 2024, the Court held a telephone status conference on Nautilus' Motion for Default Judgment. Defendants did not appear, and the Court <u>granted</u> Plaintiff's Motion for Default Judgment as to Gold Construction and William Gold. Doc. #24. The Court's July 18, 2024, Minute Entry directed Plaintiff to submit a proposed default judgment order to the Court's proposed order email.

6. On July 18, 2024, Nautilus submitted a proposed Order on Plaintiff's Motion for Default Judgment to the Court's proposed order email. Nautilus subsequently submitted another copy of the proposed order to the Court's Courtroom Deputy on August 27, 2024, per her request.

7. To date, a final Order or Default Judgment has not been entered by the Court.

8. The underlying *Brosmore* lawsuit, which is the subject of this insurance coverage action, has been stayed pending a final determination in this case. Further, prior to filing this action, Nautilus agreed to defend its insureds, Gold Construction and William Gold, in the underlying lawsuit subject to a reservation of rights and subject to a final determination in this action.

9. Nautilus and the parties in the underlying lawsuit desire a final determination in this coverage action so that they may have finality regarding the coverage issues presented in this case, and to allow the underlying *Brosmore* lawsuit to proceed.

10. A copy of Nautilus' proposed Order for Default Judgment is attached hereto as **Exhibit A**. A copy of Nautilus' proposed Order will also be provided to the Court through the Court's proposed order email.

WHEREFORE, Plaintiff, Nautilus Insurance Company, respectfully request this Honorable Court grant this Motion for Entry of Default Judgment Order; enter the attached Order on Plaintiff's Motion for Default Judgment against Gold Construction Group, Inc. and William Gold; and grant any further relief as this Honorable Court deems just and proper

Dated this 18th day of September, 2024.

Respectfully submitted,

/s/ ___Jason M. Taylor_____

Dana A. Rice
Jason M. Taylor
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
71 S. Wacker Drive
Suite 2101
Chicago, IL 60606
P: 312-332-3900
F: 312-332-3908
drice@tlsslaw.com
jtaylor@tlsslaw.com

3

## CERTIFICATE OF SERVICE

The undersigned certified that on September 18, 2024, a true and correct copy of the foregoing Motion for Entry of Default Judgment Order was filed via the Court's CM/ECF system, which will deliver a copy to all counsel of record.

*/s/ Jason M. Taylor*
_____

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>GOLD CONSTRUCTION GROUP, INC.;<br>WILLIAM GOLD; and MATTHEW<br>BROSMORE,<br><br>    Defendants. | Case No. 24 cv 1288<br><br>Honorable Sara L. Ellis.<br><br>Magistrate Judge Honorable Heather K. McShain |

**[PROPOSED] ORDER ON PLAINTIFF NAUTILUS INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT**

THIS MATTER, having come before the Court on Plaintiff Nautilus Insurance Company's ("Nautilus") Motion for Default Judgment Against Defendants Gold Construction Group, Inc. ("Gold Construction") and William Gold pursuant to Federal Rule of Civil Procedure 55(b); the Court having examined the record and heard argument, and being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED AND DECLARED:**

1. Plaintiff, Nautilus Insurance Company's Motion for Default Judgment is GRANTED;

2. Defendants Gold Construction and William Gold accepted or waived service of the Complaint for Declaratory Judgment on April 3, 2024. Doc. #6 and Doc. #7. To date, Defendants Gold Construction and William Gold have not appeared or responded to the complaint, and an order of default against Defendants was entered on June 4, 2024, under Federal Rule of Civil Procedure 55(a). Doc. #18.

3. Plaintiff Nautilus filed its Motion for Default Judgment Against Defendants Gold

1

Construction and William Gold on July 12, 2024, seeking a judicial declaration that one or more policy exclusions of the Nautilus Policy precludes coverage for an underlying lawsuit styled *Matthew Brosmore v Goose Lake Construction Inc*. et al, cause number 2021 L 007437, filed in the Circuit Court of Cook County, Illinois, against Defendants Gold Construction and William Gold, among others (the "*Brosmore* lawsuit").

4. After having reviewed Nautilus' Motion for Default Judgment and supporting materials, the Court concludes that the Injury to Workers and/or Subsidence Exclusions preclude coverage for the underlying *Brosmore* lawsuit.

5. Wherefore, Nautilus has and had no duty to defend or indemnify Gold Construction or William Gold in connection with the underlying *Brosmore* lawsuit under the Nautilus Policy; and has no obligation to indemnify, pay or satisfy any judgment entered against Gold Construction or William Gold in that action.

6. Co-Defendant Matthew Brosmore Stipulated to be Bound by this Court's Judgment in this case (Doc. #21), and therefore, is bound to this Court's Default Judgment regarding coverage under the Nautilus Policy for the underlying *Brosmore* lawsuit.

                                                                                                              _____

                                                                                                              JUDGE